> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017[*]
Decided October 24, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1827

| | |
|---|---|
| MAURICE JOHNSON, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
|     *v.* | |
| | No. 14 C 9432 |
| CHICAGO TRANSIT AUTHORITY, | |
|     *Defendant-Appellee*. | John Z. Lee, |
| | *Judge*. |

## O R D E R

Maurice Johnson sued his former employer under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), and 42 U.S.C. § 1983. He contends that in suspending him and later eliminating his job, the Chicago Transit Authority discriminated against him because of his sex and retaliated against him for complaining about discrimination. He also asserts that the CTA violated an Illinois law that governs

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

staff reductions. The district court dismissed the state-law claim because it does not provide a private right of action, and it granted summary judgment for the CTA on the federal claims for lack of evidence. Johnson has waived a challenge to the first ruling, so we say nothing further about it, and the second ruling is sound, so we affirm.

We present the facts with all reasonable inferences construed in Johnson's favor. Johnson, who had worked for the CTA since 1992, became an administrative manager for bus operations in 2009. His duties included selecting bus runs for drivers working in his garage. In March 2013 Johnson incorrectly assigned routes to drivers, an error that required those drivers to "re-pick" their routes. Discipline followed two months later, when Adrian Lewis, Johnson's supervisor, suspended Johnson from work for three days. The next day Johnson wrote to CTA's president to complain that Lewis suspended him on orders from Lewis's supervisor who had "personal feelings" against Johnson. Several weeks later, Johnson followed up with a complaint to CTA's internal office for equal employment opportunities. He charged that the suspension reflected anti-male discrimination.

Three months later, in September 2013, Johnson's position (among others) was eliminated. The CTA's Board of Directors passed an ordinance abolishing 53 job categories, including Johnson's position. The Board cited the need to consolidate management and administrative duties. Johnson applied for two other positions at CTA—Senior Manager and General Manager. But he did not get either job, and CTA ended his employment at the end of the year.

This lawsuit followed. The district court eventually entered summary judgment for CTA on the discrimination and retaliation claims. It concluded that on the record before it no reasonable jury could find that the CTA discriminated or retaliated against Johnson by suspending him or eliminating his position.

On appeal Johnson argues that he has presented a prima facie case of sex discrimination, but he is incorrect. To get to a trial, he had to furnish evidence that would permit a reasonable factfinder to infer that the CTA took adverse action because he is a man; that inference may arise from evidence that Johnson was meeting CTA's legitimate expectations, that he suffered an adverse-employment action, and that the CTA treated him less favorably than similarly situated female employees. *See Formella v. Brennan*, 817 F.3d 503, 511 (7th Cir. 2016); *see also Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (holding that legal standard is whether reasonable factfinder can infer discrimination from all the evidence taken as a whole).

Even if Johnson was meeting the CTA's expectations, and even though he suffered adverse actions (suspension and job loss), he loses because he failed to supply evidence that anti-male bias motivated those actions. He offered no evidence that the CTA was inclined to discriminate against men or that anyone ever referred to his gender. True, he contends that at least one employee at the CTA had "personal feelings" against him, but he provides no evidence that the employee disliked him *because* he is a man. *See Hester v. Ind. State Dep't of Health*, 726 F.3d 942, 948–49 (7th Cir. 2013); *Brown v. Advocate South Suburban Hosp.*, 700 F.3d 1101, 1105 (7th Cir. 2012). Moreover, Johnson has not identified a female employee who was similarly situated to him but was not suspended or discharged. He names women with the same job title that he had, but that is not enough. He needed to submit evidence that he and the female employees "reported to the same supervisor, engaged in the same conduct, and had the same qualifications," and that "there were no 'differentiating or mitigating circumstances as would distinguish . . . the employer's treatment of them.'" *Ineichen v. Ameritech*, 410 F.3d 956, 960–61 (7th Cir. 2005) (quoting *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617–18 (7th Cir. 2000)). Johnson has not done so. A factfinder therefore could not reasonably conclude from this evidence that the CTA discriminated against him.

Johnson also contests the grant of summary judgment on his retaliation claim, but this challenge fails, too. To survive summary judgment on a claim of retaliation under Title VII, Johnson must offer evidence that the CTA took an adverse action against him because of his statutorily protected activity. *Nicholson v. City of Peoria, Ill.*, 860 F.3d 520, 523 (7th Cir. 2017). The protected activity that Johnson contends led to his discharge is his internal complaint that the CTA suspended him because he is a man. (He has no retaliation claim with regard to the suspension itself because he filed his internal complaint *after* his suspension already had occurred.) But Johnson provided no evidence to the district court that the CTA employees involved in eliminating his position during the workplace restructuring even knew of this complaint.

Johnson replies on appeal that other unnamed CTA employees knew about his internal complaint because "discriminatory issues" were discussed at a meeting in July 2013. Johnson says that no one mentioned his name at this meeting, but he speculates that participants must have inferred that he was the one who had complained of discrimination. Even if we consider this evidence (which is not in the record) and assume that those who discharged him learned at this meeting of his complaint, he still cannot overcome summary judgment. For mere knowledge of an internal complaint does not by itself imply retaliatory motivation for an adverse action that did not occur,

as here, until three months later. *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 919 (7th Cir. 2000) (three-month interval insufficient to permit inference of retaliation).

That brings us to Johnson's claim under § 1983. He argues that the abolition of his job resulted in "unconstitutional deprivation." He does not elaborate on how this claim differs from his others. He may be referring to the Fourteenth Amendment right to due process, because in his complaint he states that the CTA abolished his job without first meeting with him. But because Johnson does not develop this point further on appeal, it is waived. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010).

We have considered Johnson's additional arguments, and none has merit. Accordingly, the judgment of the district court is

AFFIRMED.